In the Matter of EASTERN MILK PRODUCERS COOPERATIVE ASSOCIATION, INC., Petitioner, v STATE OF NEW YORK DEPARTMENT OF AGRICULTURE AND MARKETS et al., Respondents.

Third Department, July 22, 1982

APPEARANCES OF COUNSEL

*Williams, Micale & Wells* (*Frederick J. Micale* of counsel), for petitioner.

*Thomas G. Conway* (*Michael McCormick* of counsel), for respondents.

OPINION OF THE COURT

YESAWICH, JR., J.

A claim filed December 13, 1979 by petitioner, a dairy co-operative, against the milk producers' security fund for past-due milk purchase payments, assertedly owed it by Knudsen Brothers Dairy, Inc. (Knudsen), a milk dealer, was denied by the respondent Commissioner of Agriculture and Markets as untimely, and this proceeding ensued.

Pursuant to the provisions of section 258-b (subd 2, par [a]; subd 16) of the Agriculture and Markets Law, the commissioner established that claims against the fund must be filed "within 30 days of notice by the commissioner to producers * * * unless the commissioner determines that there is reasonable cause to accept claims filed after such deadline." (1 NYCRR 43.8 [b].)

On August 29, 1978, at petitioner's request, respondent sent petitioner the forms necessary to enable it to prepare its claim arising from Knudsen's default. Accompanying these forms was a notice that the claim was to be filed by September 29, 1978. Although petitioner consciously delayed some 14 months before filing its claim, it contends that this delay should be excused because respondent had actual knowledge of Knudsen's default, by virtue of sworn testimony given before the commissioner by petitioner's financial manager on September 15, 1978. This testimony detailed the amounts owed petitioner and served as the basis for the commissioner's subsequent revocation of Knudsen's license.

At the outset, we note that petitioner has failed to demonstrate that during the intervening months, while it was attempting to recover and secure its indebtedness by other means, the commissioner was ever made aware that petitioner ultimately intended to pursue its claim. More compelling is petitioner's candid admission that because it believed that $545,000 owed to it by Knudsen for other milk purchases was not embraced within its claim, it intentionally deferred filing its claim, choosing instead to try to collect from Knudsen through other approaches, leaving the security fund as a last resort. Its choice of remedies must be weighed against the fact that, after a claim has been paid from the milk producers' security fund, the defaulting dealer becomes liable to the commissioner for the amount paid the claimant (Agriculture and Markets Law, § 258-b, subd 5, par [e]). By undertaking to recover from Knudsen directly, petitioner diminished Knudsen's assets and to that extent endangered the recoupment rights of the fund which is intended to benefit all milk producers, not simply petitioner. Viewed in this context, it cannot be said that denial of petitioner's claim

because it was not filed within the time prescribed was either unreasonable, arbitrary or capricious.

The determination should be confirmed, and the petition dismissed, with costs.

MAHONEY, P. J., MAIN, CASEY and MIKOLL, JJ., concur.

Determination confirmed, and petition dismissed, with costs.